IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 8:08CR122 |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM |
| vs. ) | AND ORDER |
| ) | |
| SILVIA VENZOR-ESTRADA, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 69) issued by Magistrate Judge F.A. Gossett recommending denial of the motion to suppress filed by the Defendant, Silvia Venzor-Estrada (Filing No. 58). The Defendant filed a statement of objections to the Report and Recommendation and a supporting brief (Filing Nos. 74, 75) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

The Defendant is charged in a two-count Indictment with: encouraging and inducing illegal aliens to remain in the United States (Count I); and forfeiture (Count II). She seeks an order suppressing statements made to law enforcement during the course of a search of her residence.

Following an evidentiary hearing, Judge Gossett issued oral findings of fact and conclusions of law, referred to in his Report and Recommendation, in which he concluded that the Defendant was not in custody and, because *Miranda* warnings were not required, the motion to suppress should be denied. (Filing No. 72, at 30.) However, Judge Gossett further concluded that, if this Court determines that the Defendant was in custody, Investigator Eberle's statements were reasonably likely to elicit an incriminating response and, therefore, *Miranda* warnings would have been required and the motion would be granted.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court shall make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

**STATEMENT OF FACTS**

The Magistrate Judge provided a detailed account of the events surrounding the events relevant to the alleged interrogation. The Court has considered the transcript of the hearing conducted by the Magistrate Judge (Filing No. 72). Based on the Court's de novo review of the evidence and arguments, the Court adopts Judge Gossett's factual findings in their entirety.

**FACTUAL BACKGROUND**

The following facts are taken from the transcript of the evidentiary hearing. Briefly, approximately six officers went to a residence to perform a controlled delivery of a package that had aroused their suspicion and that later was found to contain hydrocodone. The Defendant answered the door and let the officer, dressed as a courier, in the house. After the delivery, approximately six officers investigated the matter by identifying and talking with eight individuals in the residence, one of whom was the Defendant. All of the individuals except for the Defendant, who is a naturalized citizen, admitted to being illegally in the United States. Record checks were done, and one individual who had an active warrant was arrested. No other arrests were made that evening. Officers were at the

2

home for approximately one and one-half hours and performed a search of the residence, receiving consent from each individual regarding the area in which the individual resided. Investigator Eberle said that he saw the Defendant crying in a bedroom; she was with another female. He testified that he went into the bedroom and told the Defendant that officers were there because of the hydrocodone in the package. The Defendant then began talking about her husband and her suspicion that he was abusing hydrocodone. She was worried that her husband would go to jail that day. Investigator Eberle responded that it did not appear that he would be arrested and, rather, reports would be given to the county attorney. He also told her that assistance could be provided with respect to any drug abuse on the part of her husband.

Investigator Eberle testified that then, just before leaving, the Defendant went into the bedroom where her husband was. As officers were leaving, Eberle told the Defendant that officers "were aware that there were individuals in her residence that were in the country illegally and also staying at her residence illegally and she needed to assist them with getting the proper documents to be in the country legally." (Filing No. 72, at 13.) The Defendant responded "I know," and stated that the others worked with her husband and her job was to cook for them. She added that she would do whatever was needed to assist them. (*Id.*) Investigator Eberle did not give the Defendant *Miranda* warnings. (*Id.,* at 14.) Investigator Eberle stated that he conversed with the Defendant entirely in English and she was not confused by the use of English. Investigator Eberle testified that the Defendant was not free to leave the residence.

The Defendant testified that she did not feel free to leave. She also stated that she did not ask to leave and had no reason to leave. She said that she was nervous and

3

scared, "but I wasn't afraid that something was going to be done to me." (*Id.*, at 21.) The Defendant testified that she is from Mexico and became a naturalized citizen in 1998 after passing an English test.

## ANALYSIS

The Defendant objects to specific portions of Judge Gossett's Report and Recommendation. The central issue raised is the Defendant's contention that she was in custody, and therefore *Miranda* warnings were required.

The Eighth Circuit has identified the following factors that are included in those considered under the totality of the circumstances in determining whether an individual was in custody:

> (1) whether the suspect was informed that [s]he was free to leave and that answering was voluntary; (2) whether the suspect possessed freedom of movement; (3) whether the suspect initiated contact or voluntarily acquiesced; (4) whether strong arm tactics or strategies were employed; (5) whether the atmosphere was police dominated; or, (6) whether the suspect was placed under arrest at the end of questioning. United States v. Griffin, 922 F.2d 1343, 1349 (8th Cir.1990).

*United States v. Flores-Sandoval,* 474 F.3d 1142, 1146-47 (8th Cir. 2007) (citing *United States v. Griffin,* 922 F.2d 1343, 1349 (8th Cir. 1990)).

Addressing the first factor as it relates to the instant case, the Defendant was not free to leave. At issue is not a question posed by Investigator Eberle but rather a statement made by the Defendant, and therefore the second prong of the first factor does not apply to this situation. Addressing the second factor, the Defendant was not free to move during part of the time the officers were present, when all individuals were told to wait in the living area. However, at some point the Defendant had the freedom to move into a

bedroom with another female and then into a bedroom with her husband.  Regarding the third factor, the Defendant did not initiate contact with Investigator Eberle.  She did not acquiesce to interrogation, but rather engaged in a conversation with him.[1]  Viewing the fourth factors, strong arm tactics or strategies were not used.  The sixth factor does not apply, as the Defendant was not arrested on the evening in question.

The fifth factor, addressing whether the atmosphere was police dominated, requires additional discussion.  Although approximately six officers took part in the controlled delivery, search and questioning of the individuals, only Investigator Eberle spoke with the Defendant.  He approached her first in a bedroom with another female and then in a bedroom with her husband.  The record is silent regarding whether the female and the husband stayed in the rooms with the Defendant once she spoke with Investigator Eberle.  In determining the issue of custody in another case, the presence of nine agents in a small home was not dispositive of the existence of police domination.  Among other factors, the Eighth Circuit considered that although nine agents executed a search warrant only two agents interviewed the defendant.  *United States v. Axsom,* 289 F.3d 496, 502 (8th Cir. 2002).  The court also stated that "[w]hen a suspect is interrogated in the comfort and familiarity of his home, a court is less likely to find the circumstances custodial."  *Id.*

The Defendant also argues that officers' presence for one and one-half hours is determinative in deciding the issue of custody. While generally relevant to the issue of police domination, courts' concern with "length" refers to the length of the alleged interrogation.  *See, e.g., Griffin,* 922 F.2d at 1348-49.

---

[1] This Court agrees with Judge Gossett that Officer Eberle's statement to the Defendant was reasonably likely to elicit incriminating information.

5

Viewing the relevant factors as they apply to the instant case in the totality of the circumstances, the Court concludes that the Defendant was not in custody. The Court is heavily influenced by the fact that the Defendant was only approached by one officer, and was likely in the presence of another person, when the conversation at issue occurred. Another persuasive factor is the Defendant's testimony that despite her nervousness she was not afraid that something would be "done" to her.

## CONCLUSION

For the reasons discussed, the Court agrees that the Defendant was not in custody at the time and place in question and therefore *Miranda* warnings were not required.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 69) is adopted in its entirety;

2. The Statement of Objections to the Report and Recommendation (Filing No. 74) is denied; and

3. The Defendant's Motion to Suppress (Filing No. 58) is denied.

DATED this 16th day of June, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge